IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH MCCUISTION | § | Attorney Lien |
| & | § | Claimed |
| DANNY MCCUISTION | § | Jury Trial |
| *Plaintiffs* | § | Demanded |
| v. | § | Case No. _____ |
| WAL-MART | § | |
| TRANSPORTATION, LLC | § | |
| & | § | |
| WAL-MART STORES, INC. | § | |
| *Defendants* | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT

COME NOW the plaintiffs, by and through their attorneys of record, to file this Original Complaint.

INTRODUCTION

1. This is a civil action for personal injuries suffered by Plaintiffs against Wal-Mart Transportation, LLC and Wal-Mart Stores, Inc. (collectively referred to herein as "Wal-Mart"). This action arises from a motor-vehicle collision that occurred on July 23, 2015.

PARTIES

2. Plaintiff, Elizabeth McCuistion, is an individual residing in Altus, Oklahoma. She can be served with process through her attorneys of record.

3. Plaintiff, Danny McCuistion, is an individual residing in Altus, Oklahoma. He can be served with process through her attorneys of record.

4. Defendant, Wal-Mart Stores, Inc. is a foreign corporation. It may be personally served with process through its registered agent:

CT CORPORATION SYSTEM

1999 Bryan Street, Ste. 900

Dallas, Texas 75201

5. Defendant, Wal-Mart Transportation, LLC, is a foreign corporation. It may be personally served with process through its registered agent:

CT CORPORATION SYSTEM

1999 Bryan Street, Ste. 900

Dallas, Texas 75201

**JURISDICTION & VENUE**

6. Plaintiffs are residents of Oklahoma.

7. Defendants are residents of Delaware and Arkansas.

8. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

9. Therefore, Diversity Jurisdiction exists pursuant to 18 U.S.C. § 1332.

10. The acts/omissions of Defendants, which give rise to Plaintiffs' claims, occurred in the Northern District of Texas.

11. Defendants registered agents are in Dallas, Texas.

12. Therefore, Venue is proper pursuant to 28 U.S.C § 1391.

## FACTUAL ALLEGATIONS

13. On July 23, 2015 Robert John Thompson was employed by Wal-Mart as a truck driver.

14. At all times material to this Complaint, Mr. Thompson was acting within his scope of agency/employment with Wal-Mart and for the benefit of Wal-Mart.

15. On July 23, 2015, Elizabeth and Danny McCuistion were traveling eastbound on E. University Drive / U.S. Highway 380 in Little Elm, Texas.

16. Elizabeth McCuistion was driving, and her husband was in the passenger seat.

17. As they were stopped in traffic, a Wal-Mart semi-tractor-trailer driven by John Robert Thompson crashed into the rear of Plaintiffs' vehicle.

## CAUSES OF ACTION

I.   NEGLIGENCE & NEGLIGENCE *PER SE*

18. The occurrence made the basis of Plaintiffs' Complaint and their resulting injuries were proximately caused by Defendants' acts and/or omissions, including but not limited to the following:

 a. Diving distracted;
 b. Failing to control speed;
 c. Failing to apply breaks in a timely manner;
 d. Failing to maintain an assured clear distance between Defendants' truck and Plaintiffs' vehicle; and
 e. Driving recklessly with willful or wanton disregard for other persons and/or property.

19. The acts and omissions of Defendant constitute negligence and negligence *per se*, which in turn proximately caused Plaintiffs' injuries and damages.

II.   NEGLIGENT ENTRUSTMENT

20. Wal-Mart is the owner of the vehicle John Thompson was driving at the time of the collision.

21. Upon information and belief, Wal-Mart knew or should have known John Thompson was a reckless, incompetent, or unlicensed driver.

22. Accordingly, Wal-Mart acted negligently by entrusting its semi-tractor-trailer to John Thompson.

23. As such, the act of entrustment was a proximate cause of Plaintiffs' injuries.

## DAMAGES

24. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged, and, likewise, are seeking all damages allowable under the law, including, but not limited to the following:

    a. Past medical expenses;

    b. Medical expenses Plaintiffs will, probably, incur into the future;

    c. Past mental anguish,

    d. Mental anguish that will, probably, incur into the future;

    e. Past physical impairment;

    f. Physical impairment that will, probably, continue into the future.

    g. Past lost wages; and

    h. Future lost wages

## GROSS NEGLIGENCE & EXEMPLARY DAMAGES

1. Defendants acts and/or omissions were such a gross deviation from the standard of care as to constitute Gross Negligence. Thus, Plaintiffs seek punitive damages pursuant to Texas Civil Practice and Remedies Code § 41.003.

## JURY TRIAL DEMAND

17. Plaintiffs hereby demand a jury trial as to all issues triable as a matter of right pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED

Plaintiffs respectfully pray this Court issue summons requiring Defendants to appear and answer, and that judgement be entered against Defendant for the following relief:

- Actual damages in excess of $75,000;
- Compensatory damages in excess of $75,000;
- Exemplary damages in excess of $75,000;
- Court costs;
- The maximum amount of pre-judgement interest allowed by law; and
- The maximum amount of post-judgement interest allowed by law.

Respectfully Submitted,
ZELBST HOLMES & BUTLER

/s/John P. Zelbst
John P. Zelbst
OBA # 9991

411 S.W. 6th

P.O. Box 365

Lawton, Oklahoma

73502-0365

Tel 580-248-4844

Fax 580-248-6916

*Attorneys for Plaintiffs*